FILED

AO 241 (Rev. 09/17)

2023 MAY -8  PM 12: 32

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

| United States District Court | District: Middle |  |
|---|---|---|
| Name (under which you were convicted):  Joe N. McNair III |  | Docket or Case No.: 8:23cv1010 TBB-JSS |
| Place of Confinement : Wakulla Correctional Institution 110 Melaleuca Drive, Crawfordville, FL 32327 | Prisoner No.: 508652 |  |
| Petitioner (include the name under which you were convicted) Joe N. McNair III | v. | Respondent (authorized person having custody of petitioner) Secretary, Fla. Dept. of Corr. |
| The Attorney General of the State of: Florida |  |  |

Provided to Wakulla

**PETITION**

MAY 19 2021

For mailing (W)

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

Twelfth Judicial Circuit, Manatee County Judicial Center, 1051 Manatee Avenue West, Bradenton, Florida 34205

(b) Criminal docket or case number (if you know):   2002 CF 2999

2.  (a) Date of the judgment of conviction (if you know):  August 13, 2003

(b) Date of sentencing:   September 19, 2003

3.  Length of sentence:  Life

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:  Count I : Attempted murder in the second degree, Count II : Robbery with a firearm, and Count III : Possession of a firearm by a Convicted felon. Sentenced to 30 years as a Prison Releasee Reoffender on Count I, a term of Life as a Prison Releasee Reoffender on Count II, and 3 years on Count III.

6.  (a) What was your plea? (Check one)

☑ (1)    Not guilty          ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty              ☐ (4)    Insanity plea

NP

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   Not guilty to Count I: Attempted murder in the second degree, and Count II: Robbery with a firearm. Guilty to Count III: Possession of a firearm by a convicted felon.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   District Court of Appeal, Second District, Florida

(b) Docket or case number (if you know):   2D03-4882

(c) Result:   Denied

(d) Date of result (if you know):   September 24, 2004

(e) Citation to the case (if you know):   McNair v. State, 892 So.2d 1030 (2d DCA 2004)

(f) Grounds raised:   See Attachment A

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Florida Supreme Court

(2) Docket or case number (if you know):   SC04-2435

(3) Result:   Denied

## Direct Appeal

### Issue I
The procedure at trial violated both the Florida Constitution and the right of jurors to be advised of their role in sentencing.

### Issue II
The circumstantial evidence was insufficient to disprove the reasonable hypothesis of McNair's innocence.

### Issue III
Whether the lower court erred in denying the requested continuance.

Attachment A

AO 241 (Rev. 09/17)

(4) Date of result (if you know): December 29, 2004

(5) Citation to the case (if you know): McNair v. State, 2004 LEXIS 2493 (Fla. 2004

(6) Grounds raised: Petition for common law certiorari or mandamus regarding the Second District Court of Appeals order denying the motion for rehearing.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☑ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): 04-9415

(2) Result: Denied

(3) Date of result (if you know): May 31, 2005

(4) Citation to the case (if you know): McNair v. State, 544 U.S. 1064 (2005)

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: 12th Judicial Circuit Court, Manatee County, Florida

(2) Docket or case number (if you know): 2002 CF 2999

(3) Date of filing (if you know): May 30, 2007

(4) Nature of the proceeding: Rule 3.850 Postconviction Motion

(5) Grounds raised: See Attachment B

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: Denied

Rule 3.850 Postconviction Motion

Ground I
Failure to object to or request the jury
instruction on justifiable and excusable
homicide.

Ground II
Failure to file a motion to suppress
the defendant's statements.

Ground III
Failure to properly convey a plea.

Ground IV
Failure to investigate and object to the
jury venire which did not contain a
cross-section of the community.

Attachment B

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _December 14, 2007_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _12th Judicial Circuit Court, Manatee County, Florida_

(2) Docket or case number (if you know): _2002 CF 2999_

(3) Date of filing (if you know): _October 22, 2014_

(4) Nature of the proceeding: _Rule 3.850 Postconviction Motion_

(5) Grounds raised: _Newly discovered evidence in the form of an affidavit of an unknown witness raising new and significant issues which if presented at the time of Defendant's trial would have exonerated the Defendant of the crimes charged._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Denied_

(8) Date of result (if you know): _April 6, 2015_

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _12th Judicial Circuit, Manatee County, Florida_

(2) Docket or case number (if you know): _2002 CF 2999_

(3) Date of filing (if you know): _October 26, 2018_

(4) Nature of the proceeding: _Rule 3.800(a) Motion to Correct an Illegal Sentence_

(5) Grounds raised: _____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☑ No

(7) Result: _Granted_

(8) Date of result (if you know): _August 26, 2019_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:  ☑ Yes   ☐ No

    (2) Second petition:  ☑ Yes   ☐ No

    (3) Third petition:  ☐ Yes   ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_Directed by appellate counsel to dismiss appeal_

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _See Attachment C_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See Attachment C_

(b) If you did not exhaust your state remedies on Ground One, explain why: _Procedurally barred in state court ... See "Cause For The Default and Actual Prejudice" in Ground I of Attachment_

## Ground One

Petitioner was denied his U.S. Constitutional Rights to due process and effective assistance of counsel under the 5th, 6th, and 14th Amendments based on trial counsel's misadvice and permitted misrepresentation of law when discussing Petitioner's plea options.

Supporting Facts: Petitioner submits the following facts reflect that he was denied due process and effective assistance of counsel during the plea proceedings where Petitioner's ability to intelligently engage in the negotiations or otherwise knowingly and voluntarily reject or enter a plea was denied:

1. Petitioner was charged with Robbery with a Firearm, Attempted Second Degree Murder with a Firearm, and Possession of a Firearm by a Convicted Felon which was subject to PRR (Prison Releasee Reoffender) sentencing if found guilty, i.e., mandatory Life. Petitioner also had 4 pending VOP charges for 1st Degree drug sales offenses, and a fleeing with attempt to elude offense.

2. Petitioner confessed to being the perpetrator to law enforcement. Consequently, the defense theory counsel prepared for trial was geared to simply minimize Petitioner's culpability to the depraved mind element of count one. FN1

3. Despite the confession and overwhelming strength of their case, the State offered the Petitioner a 25 year minimum mandatory plea.

Attachment C-1

what they believed to be the minimum lawful sentence based upon the 10-20-Life law's application to the charging information, and the unrebutted factual basis that during the course of the offenses, the victim was shot with a firearm.

Further, not only did the State's offer waive PRR enhancements, it was a wrap plea offer that would resolve all pending cases within the 25 year sentence.

4. When discussing the parameters of the deal and other plea options, counsel failed to:

A.) Advise that Counts 1, 2, and 3 could be ran consecutive to both one another and/or that they could be ran consecutive to the pending cases.

B.) Advise that the trial court's determination of guilt on the VOP's did not hinge on his guilt or innocence at trial, but were subject to simply whether the court found you more than likely violated, and, just the VOP's alone subjected the Petitioner to at least a 30 year sentence.

C.) Advise that in the face of points A and B above, the non-existent defense and likelyhood of a guilty as charged verdict with PRR sentencing, he should take the plea since it was his best realistic option.

D.) Investigate and correct the State's misrepresentation of the applicable mandatory sentences under 10-20-Life and renogiate the deal for 25 years in prison with only 20 years

Attachment L-2

minimum mandatory.

To explain, the State's offer was based upon their belief that it was minimum permissable sentence according to the 10-20-Life allegations.

However, the body of the information only asserted the Petitioner's discharge of the firearm, which require's the sentencing court to impose a non-discretionary 20 year minimum mandatory sentence. FN

Petitioner is currently sentenced to 30 years with a 20 year minimum mandatory on Count 1, and, Life with a 10 year minimum mandatory on Count 2, in accordance with the charging information and the 10-20-Life law.

5. Considering points A through D above and the tools which counsel provided the Petitioner with to deliberate over whether to accept the State's plea offer, Petitioner was left handicapped and unable to make a knowing and voluntary decision.

It follows that Petitioner's rejection of the gracious offer presented by the State was unknowing and involuntary.

Petitioner asserts that had he been appropriately advised, as alleged above, he would have accepted the 25 year plea, a much less severe sentence than the one which he is currently serving, instead of proceeding to trial with no viable defense; also avoiding exposure to PRR sentencing, and the several pending charges that would still remain ahead.

Further, had counsel acted in accordance

Attachment C-3

with point D above, and negotiated the plea to a 25 year deal with 20 years minimum mandatory, the Petitioner would have accepted such even absent knowledge of the facts in points A through C.

In addition, the Petitioner submits that had counsel corrected the parties, there is a reasonable probability the State would have agreed to a plea for 25 years and the lawfully mandated 20 year minimum mandatory, which the Petitioner would have both negotiated for and accepted, resulting in a much less severe sentence than the one which he is currently serving.

6. Since the State tendered what they believed was the minimum permissible sentence, they would not have withdrawn either of the plea options described above.

7. The trial courts participation and permitted negotiations on record, reflect the court was prepared to accept any plea the parties agreed to and would have accepted either 20 through 25 year deals described above.

## Deficient Performance And Prejudice

Defense counsel's failure to investigate, correct, and, properly advise the Petitioner on the applicable mandatory minimum sentences, his plea options, and the pros and cons thereof, as described above, was deficient performance.

Attachment C - 4

The effect prejudiced the Petitioner where it resulted in both the rejection of a favorable plea option, and, the Petitioner never being advised on the applicable minimum mandatory; an unknowing and involuntary rejection.

Consequently, the Petitioner was denied his U.S. Constitutional rights to due process, a fair trial and, effective assistance of counsel.

Had it not been for counsel's deficient performance, there exist a reasonable probability that (1) the Petitioner would have negotiated a deal with the State with the lawfully applicable minimum mandatory of 20 years as a base, accepting it, and, (2) recieving a much less severe sentence than Life, (3) the State would not have withdrawn the offer, and (4) the trial court would have accepted the offer's terms as indicated by his participation in the plea negotiations.

## Cause For The Default And Actual Prejudice

Ground One was not raised in the state court and Petitioner cannot now return to the state court to exhaust the claim because he is procedurally barred from doing so. However, to survive any procedural bar here, in accordance with Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), Petitioner has established cause for the default and actual prejudice because, (1) this claim is substantive, i.e., it has merit, where the facts stated above

Attachment C-5

establish counsel's deficient performance and the resulting prejudice, and had the claim been raised in the state court, the court would have been obligated to grant relief under Florida law. (2) Petitioner did not have postconviction counsel. These facts satisfy cause and prejudice for review of this claim on the merits.

Attachment C-6

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐   Yes     ☑   No

(2) If you did not raise this issue in your direct appeal, explain why:   Ineffective assistance

of trial counsel claims is not cognizable on direct

appeal in the state of Florida

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     n1/A

Name and location of the court where the motion or petition was filed:     n1/A

Docket or case number (if you know):   n1/A

Date of the court's decision:    n1/A

Result (attach a copy of the court's opinion or order, if available):     n1/A

(3) Did you receive a hearing on your motion or petition?     ☐   Yes     ☑   No

(4) Did you appeal from the denial of your motion or petition?     ☐   Yes     ☑   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐   Yes     ☑   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     n1/A

Docket or case number (if you know):   n1/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     n1/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

n1/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:    N/A

**GROUND TWO:**    N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Two, explain why:    N/A

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

Name and location of the court where the motion or petition was filed:    N/A

Docket or case number (if you know):    N/A

AO 241 (Rev. 09/17)

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :    N/A

**GROUND THREE:**    N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:  N/A _____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐  Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:  N/A _____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  N/A _____

Name and location of the court where the motion or petition was filed:  N/A _____

Docket or case number (if you know):  N/A _____

Date of the court's decision:  N/A _____

Result (attach a copy of the court's opinion or order, if available):  N/A _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐  Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐  Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  N/A _____

Docket or case number (if you know):  N/A _____

Date of the court's decision:  N/A _____

Result (attach a copy of the court's opinion or order, if available):  N/A _____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   N/A

**GROUND FOUR:**   N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:   N/A

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   N/A

(d)     **Post-Conviction Proceedings:**

. (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

---

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _N/A_

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:     Procedurally barred.

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

        Procedurally barred.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.    N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    N/A

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:    _Steven Shafer, Esq._

       (b) At arraignment and plea:    _Steven Shafer, Esq._

       (c) At trial:    _Richard Tracy Lee, Esq._

       (d) At sentencing:    _Richard Tracy Lee, Esq._

       (e) On appeal:    _Brad Permar, Esq._

       (f) In any post-conviction proceeding:    _(Resentencing Hearing)_
       _Jennifer Joynt-Sanchez, Esq._

       (g) On appeal from any ruling against you in a post-conviction proceeding:    _N/A_


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?         ☐ Yes    ☑ No

       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       _N/A_

       (b) Give the date the other sentence was imposed:    _N/A_

       (c) Give the length of the other sentence:    _N/A_

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?         ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

       On November 5, 2019, the Petitioner was resentenced
       to 30 years with a 20 year minimum mandatory
       pursuant to the "10-20-Life" law, and Life with a
       10 year minimum mandatory pursuant to the
       "10-20-Life" law. The Petitioner filed a "Notice Of

AO 241 (Rev. 09/17)

Appeal" thereafter. The appeal was pending until July 7, 2020. The Petitioner filed a "Voluntary Dismissal" on July 7, 2020. Which was granted. The instant petition is being filed on or about May 19, 2021; which is within 1 year of July 7, 2020, and, is thus timely under the new Judgement rendered on November 5, 2019.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Petitioner request this_
_Honorable Court to order an evidentiary hearing with_
_appointment of counsels and grant any other appropriate relief._
or any other relief to which petitioner may be entitled.

_____ n l /A _____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___5 / 1 9 /21___ (month, date, year).

Executed (signed) on ___5 / 19 / 21___ (date).

_Joe Mc Dlair_ _____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____ n l /A _____
_____
_____
_____