UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE N. MCNAIR, III,

      Petitioner,

v.                                                                    Case No. 8:23-cv-1010-TPB-LSG

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS AMENDED PETITION

Joe N. McNair, III, a Florida prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). He subsequently amended his petition. (Doc. 16). Respondent moves to dismiss the amended petition as successive and untimely, (Doc. 18), and McNair opposes dismissal, (Doc. 20). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

## Background

In August 2003, a state-court jury convicted McNair of attempted second-degree murder and robbery with a firearm. (Doc. 19-1, Ex. 3). As part of its verdict, the jury found that McNair had discharged a firearm, causing "great bodily harm" to the victim. (*Id.*) After the trial, McNair pleaded *nolo*

1

*contendere* to possession of a firearm by a felon. (*Id.*, Ex. 17, at 1). The trial court found that McNair qualified as a prison releasee reoffender and sentenced him to concurrent terms of life imprisonment for robbery with a firearm, 30 years' imprisonment for attempted second-degree murder, and three years' imprisonment for possession of a firearm by a felon. (*Id.*, Ex. 4).

The Second District Court of Appeal affirmed McNair's convictions in September 2004, and the Florida Supreme Court declined to hear the case in December 2004. (*Id.*, Exs. 5, 6). Five months later, the United States Supreme Court denied McNair's petition for writ of certiorari. (*Id.*, Ex. 7). In May 2007, McNair unsuccessfully sought postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Exs. 8, 9, 10). He then turned to federal court, filing a § 2254 petition in September 2008. *McNair v. Sec'y, Dep't of Corr.*, No. 8:08-cv-1883-SDM-TGW, Doc. 1 (M.D. Fla.). Four months later, the petition was dismissed as untimely. *Id.*, Doc. 9. McNair did not appeal.

Meanwhile, McNair continued to collaterally attack his convictions in state court. (Doc. 19-1, Ex. 1). In August 2019, the trial court granted McNair's motion to correct illegal sentence under Rule 3.800(a). (*Id.*, Ex. 12). The court held that McNair's sentences for robbery with a firearm and attempted second-degree murder were illegal because they did not include the mandatory minimums required by Florida's 10-20-Life statute. (*Id.* at 2-

3). The court thus ordered a "limited" resentencing hearing. (*Id.* at 4). At the hearing, the court added (1) a 10-year mandatory minimum to McNair's life sentence for robbery with a firearm, and (2) a 20-year mandatory minimum to his 30-year sentence for attempted second-degree murder. (*Id.*, Ex. 13, at 10). On December 31, 2019, the court entered a new judgment reflecting these "limited modification[s]" to the sentences. (*Id.*, Ex. 14). McNair filed a notice of appeal, but his appeal was voluntarily dismissed on July 9, 2020. (*Id.*, Ex. 15).

In May 2023, the Court received from McNair a § 2254 petition. (Doc. 1). The petition contains a prison date stamp indicating that it was provided to Wakulla Correctional Institution for mailing on May 19, 2021. (*Id.* at 1). Likewise, McNair signed the petition and "declare[d] . . . under penalty of perjury" that it "was placed in the prison mailing system" on May 19, 2021. (*Id.* at 23). As just noted, the Court did not receive the petition until May 2023—two years after it was handed to prison officials for mailing.[1] On November 6, 2023, McNair filed an amended petition. (Doc. 16).

Respondent moves to dismiss, arguing that (1) this action is barred by the prohibition on second-or-successive habeas applications, (2) the original

---

[1] In January 2023, McNair sent a "notice of inquiry" to the Court, seeking the "status of the petition . . . filed on 5/19/21." *McNair v. Sec'y, Dep't of Corr.*, No. 8:08-cv-1883-SDM-TGW, Doc. 11 (M.D. Fla.). The Clerk mailed McNair a copy of the docket sheet for his earlier federal habeas action, which showed no activity from December 2008 to January 2023.

petition is untimely, and (3) even if the original petition were timely, certain claims in the amended petition are time-barred because they do not relate back to the original petition. (Doc. 18). The Court considers each argument in turn.

<u>**Second or Successive**</u>

The second-or-successive bar does not apply here. "[B]efore a petitioner may file a second or successive § 2254 habeas petition, the petitioner first must obtain an order from [the Eleventh Circuit] authorizing the district court to consider the petition." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020). Absent such authorization, "the district court lacks jurisdiction to consider a second or successive habeas petition." *Id.* But not all second-in-time habeas petitions are "second or successive." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). For example, "where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010). Put differently, "a habeas petition is not second or successive where it follows a new judgment, regardless of whether its claims challenge the sentence or the underlying conviction." *Osbourne*, 968 F.3d at 1265.

McNair's first federal habeas petition was dismissed in December 2008. *McNair v. Sec'y, Dep't of Corr.*, No. 8:08-cv-1883-SDM-TGW, Doc. 9 (M.D.

4

Fla.). Eleven years later, the trial court resentenced McNair and entered a new judgment, adding (1) a 10-year mandatory minimum to his life sentence for robbery with a firearm, and (2) a 20-year mandatory minimum to his 30-year sentence for attempted second-degree murder. (Doc. 19-1, Ex. 14). McNair's latest federal habeas petition is the first to challenge this new judgment. Therefore, it is not second or successive. *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (second federal habeas petition was not "second or successive" in light of intervening resentencing that "reduce[d] [petitioner's] mandatory-minimum imprisonment sentence from 20 years to 10 years but retained his 27-year imprisonment sentence").

Respondent argues that the resentencing did not create a new judgment because it "changed absolutely nothing about the amount of time McNair would serve on his prison sentences." (Doc. 18 at 8). It is true that, even after the resentencing, McNair remains subject to a life sentence. But a resentencing results in a new judgment even when the petitioner "receive[s] the exact same . . . term of imprisonment" as before. *Kleckley v. Florida*, No. 23-10887, 2025 WL 1806603, at *4 (11th Cir. July 1, 2025) (petitioner's "resentencing resulted in a new judgment" "even though [he] received the exact same thirty-year term of imprisonment"); *see also Osbourne*, 968 F.3d

at 1266 (test for "whether there is a new judgment" is not "whether the prisoner's sentence has materially changed").

Because McNair's petition is the first to challenge the intervening judgment, it is not second or successive. That is true "even though it includes claims challenging the underlying . . . conviction[s]." *Reilly v. Sec'y, Fla. Dep't of Corr.*, No. 21-13668, 2023 WL 7179321, at *3 (11th Cir. Nov. 1, 2023). Accordingly, the Court has jurisdiction over this action.[2]

## **Timeliness**

McNair's original petition is timely. A federal habeas petitioner has one year to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). A "new judgment resets the statute of limitations clock[,] and a petitioner may challenge both the underlying conviction and the resentencing." *Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011). As noted above, McNair was resentenced at the end of 2019, and his appeal from the resentencing was voluntarily dismissed on July 9, 2020. (Doc. 19-1, Exs. 13, 14, 15). Therefore, the limitation period began to run on December 8, 2020—the day after the deadline for seeking certiorari review with the United States Supreme Court.

---

[2] Respondent contends that the new judgment was effectively entered "*nunc pro tunc*" to September 19, 2003, the date of the original judgment. (Doc. 18 at 9). But the new judgment did not state that it was imposed *nunc pro tunc* to the date of the original judgment. (Doc. 19-1, Ex. 14). And "respect for state courts' primacy in interpreting state law" requires the Court to refrain from "second-guess[ing]" the absence of the *nunc pro tunc* designation. *Cassidy*, 119 F.4th at 1342 (noting that "the propriety of labeling a Florida judgment 'nunc pro tunc' is a matter of state law").

*See Voegele v. Dixon*, No. 4:24-cv-503-AW-MJF, 2025 WL 3521691, at *3 (N.D. Fla. Sept. 26, 2025), *adopted by* 2025 WL 3517859 (N.D. Fla. Dec. 8, 2025); *Mincey v. Att'y Gen. Fla.*, No. 6:16-cv-311-CEM-TBS, 2017 WL 11461805, at *2 (M.D. Fla. Dec. 14, 2017). McNair thus had until December 8, 2021, to file a federal habeas petition.

The Court received McNair's § 2254 petition in May 2023, well beyond the December 8, 2021, deadline. (Doc. 1). But McNair is a *pro se* prisoner, and his filings are "deemed filed on the date [they are] delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015). The mailbox rule "applies to *pro se* prisoner litigants because a prisoner necessarily loses control of his filing when he delivers it to prison authorities." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id.* Respondent bears the burden to "prove that [a filing] was delivered to prison authorities on a date other than the date the prisoner signed it." *Id.* Significantly, "the mailbox rule applies even when the [document] is never received or filed by the court." *Gracey v. United States*, 131 F. App'x 180, 181 (11th Cir. 2005).

McNair signed his petition on May 19, 2021, and "declare[d] . . . under penalty of perjury" that it "was placed in the prison mailing system" on that date. (Doc. 1 at 23). Moreover, the petition contains a prison date stamp

indicating that it was provided to Wakulla Correctional Institution for mailing on May 19, 2021. (*Id.* at 1). The stamp appears to be initialed by a prison official. (*Id.*) Thus, "[a]bsent evidence to the contrary," the "presumptive filing date" of the petition is May 19, 2021—several months before the December 8, 2021, deadline. *Daniels*, 809 F.3d at 589.

Respondent has not met his "burden to prove" that the petition was filed on a later date. *Jeffries*, 748 F.3d at 1314. As an initial matter, Respondent does not cite any "prison logs or other records" showing that the petition was not filed on May 19, 2021. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Instead, Respondent contends that McNair "is not entitled to the benefit of the mailbox rule" because he "did not fully comply with the requirements of Rule 3(d)" of the Rules Governing § 2254 Proceedings.[3] (Doc. 18 at 11-12). Specifically, McNair failed to submit a "declaration" stating that he "prepaid the postage" for his petition. (*Id.* at 12). But a prisoner is "not required to present a declaration in compliance with Rule 3(d) in order to be entitled to th[e] mailbox rule presumption." *Houser v. United States*, 808 F. App'x 969, 973 (11th Cir. 2020). As the Eleventh Circuit explained, Rule 3(d) does not apply where, as here, a prisoner relies on "the

---

[3] Rule 3(d) provides that "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Rule 3(d), Rules Governing § 2254 Cases.

8

date he signed his [petition]" to show compliance with the statute of limitations. *Id.* at 972.

Respondent also contends that McNair displayed a "substantial lack of diligence" when he failed to "follow[] up on the status of his 'original' [§] 2254 petition." (Doc. 18 at 14). But "[a] district court cannot negate the prison mailbox rule by finding a prisoner did not show diligence in following up on his filing if the prisoner actually gave the filing to prison authorities when it was dated." *Jeffries*, 748 F.3d at 1315 (emphasis omitted). And McNair's lack of diligence is insufficient to establish that the petition was filed on a later date. *See Washington*, 243 F.3d at 1301 ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [petitioner's] motion was delivered to prison authorities the day he signed it . . . .").

Because the original petition is deemed filed on May 19, 2021, McNair met the one-year deadline to seek federal habeas relief.

### Relation Back

As noted above, McNair filed an amended petition on November 6, 2023. (Doc. 16). Because the amended petition was filed outside the limitation period, any claims in it "are barred unless they relate back" to the original, timely petition. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). A new claim relates back to a prior claim only if they are "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

"[T]he untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport*, 217 F.3d at 1344. "Instead, in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Id.*

Respondent contends that Grounds Two and Three in the amended petition must be dismissed because they do not relate back to the original petition.[4] (Doc. 18 at 14). In his response, McNair "concedes to the dismissal of Ground Three." (Doc. 20 at 7). Therefore, that claim is dismissed. *See Fulton v. Sec'y, Dep't of Corr.*, No. 6:17-cv-234-GKS-TBS, 2019 WL 10303104, at *1 n.1 (M.D. Fla. Jan. 17, 2019) ("In his Reply, Petitioner voluntarily dismisses grounds one, three, four, six, and seven. These grounds, therefore, are dismissed, and the Court will not address them.").

Ground Two is not subject to dismissal because it relates back to the original petition. In that ground, McNair alleges that trial counsel was ineffective for failing to "conduct an independent pretrial investigation." (Doc. 16 at 18). According to McNair, counsel neglected to "become familiar with the facts of the case" and the "strength of the [evidence] against" him. (*Id.*) As

---

[4] Respondent does not dispute that Ground One relates back to the original petition. (Doc. 18 at 14-16).

a result, McNair could not make "an informed decision on the [State's] favorable plea [offer]" of 25 years' imprisonment. (*Id.* at 19). In McNair's view, counsel's lack of investigation became apparent during the trial, when he allegedly conceded that McNair committed "the essential elements of robbery with a firearm." (*Id.* at 18).

Ground Two "arise[s] from the same set of facts as" the original petition. *Davenport*, 217 F.3d at 1344. In the original petition, McNair alleged that counsel was ineffective for (among other things) failing to "investigate" the case. (Doc. 1 at 11). Specifically, counsel ignored the "likelihood of a guilty-as-charged verdict" and the "non-existen[ce] [of a] defense." (*Id.* at 9). As a result, McNair was unable to "intelligently engage in [plea] negotiations or otherwise knowingly and voluntarily reject or enter a plea." (*Id.* at 8). Thus, Ground Two relates back to the ineffective-assistance claim in the original petition because both rest on "a common core of operative facts"— counsel's alleged lack of pretrial investigation, which supposedly prevented McNair from properly evaluating the State's 25-year plea offer. *Mayle*, 545 U.S. at 664.

Accordingly, it is **ORDERED** that:

1. Respondent's motion to dismiss the amended petition, (Doc. 18), is **GRANTED IN PART** and **DENIED IN PART**. Ground Three of the amended petition is **DISMISSED**.

11

2. No later than **90 DAYS** from the date of this Order, Respondent must submit a supplemental response addressing the merits of Grounds One and Two of the amended petition. No later than **30 DAYS** after Respondent submits the supplemental response, McNair may file a reply. The reply must not exceed 20 pages.

3. The Clerk is **DIRECTED** to **STAY** and **ADMINISTRATIVELY CLOSE** this case until the parties submit the supplemental briefs. Upon completion of supplemental briefing, the Clerk must reopen the case and lift the stay.

**DONE and ORDERED** in Tampa, Florida, this 20th day of March, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

12